**PLAN FOR ARCADIA, INC., etc., et al.,**
**Plaintiffs,**

**v.**

**ANITA ASSOCIATES and Santa Anita Consolidated, Inc., et al.,**
**Defendants.**

**No. 73-2480-JWC.**

United States District Court,
C. D. California.

Dec. 12, 1973.

Phil C. Westbrook, Jr., James W. Colbert, III, O'Melveny & Myers, Los Angeles, Cal., Barrett, Stearns, Collins, Gleason & Kinney, Inc., Torrance, Cal., for defendants Santa Anita Consolidated, Inc., and Anita Associates.

William D. Keller, U. S. Atty., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., H. Charles Eckerman, Asst. Regional Counsel, Region 9, Environmental Protection Agency, San Francisco, Cal., for Russell Train as Administrator, Environmental Protection Agency.

Evelle J. Younger, Atty. Gen., Carl Boronkay, Asst. Atty. Gen., Henry Ullerich, Atty. Gen.'s Office, Los Angeles, Cal., for Ronald Reagan as Governor of State of California.

Evelle J. Younger, Atty. Gen., Carl Boronkay, Asst. Atty. Gen., Jeffrey C. Freedman, Atty. Gen.'s Office, Los Angeles, Cal., for John Maga as Executive Officer of California Air Resources Board.

John W. Whitsett, Los Angeles, Cal., for Robert G. Lunche, Acting Air Pollution Control Officer for Los Angeles County Air Pollution Control District.

Robert D. Ogle, City Atty., Arcadia, Cal., for Arcadia City Council.

John C. McCarthy and Young, Henrie & McCarthy, Pomona, Cal., Paul, Hastings, Janofsky & Walker, William B. Campbell, Los Angeles, Cal., for plaintiffs.

## MEMORANDUM OPINION DENYING PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT

CURTIS, District Judge.

On October 23, 1973, this action was commenced on behalf of a group of residents and property owners of the City of Arcadia to enjoin the further construction in that City of a new shopping center (Santa Anita Fashion Park) upon the grounds that when completed this facility would attract such a concentration of vehicular traffic as would raise ambient air pollution above national air quality standards, established pursuant to the provisions of the Clean Air Act 42 U.S.C. § 1857 et seq. Plaintiffs further seek to compel the Administrator to formulate completed air quality implementation plans for the State of California, as contemplated by the Act.

The plaintiffs are Plan for Arcadia, Inc., a nonprofit corporation, whose membership consists of certain residents and property owners, and Jack Saelid, an individual who resides in the vicinity of the project.

The defendants are the owners and developers of the land on which the shopping center is being built and Government officials, both state and local, who have responsibilities for implementing Clean Air Act standards.

The matter is now before this court on an application for preliminary injunction and a motion to dismiss as against the Governmental officials.

The general scheme of the relevant provisions of this Act follows:

It creates the position of Administrator, who is mandated to promulgate regulations establishing national primary and secondary ambient air quality standards for certain kinds of air pollutants [Title 42 § U.S.C. 1857c–4]. The states are required to formulate implementation plans by which the individual states can reach the national air quality standards promulgated by the Administrator. The Administrator is to review these plans and approve or disapprove them, according to the criteria set forth in the Act. [42 U.S.C. § 1857c–5]. If the state fails to formulate an acceptable plan within the period allowed, the Administrator is required to promptly prepare regulations setting forth an implementation plan for the delinquent state. [42 U.S.C. § 1857c–5(c)]. By way of enforcement, private parties are empowered to bring citizen suits against persons who are in violation of the regulations promulgated under the Act, or against the Administrator for failure to perform non-discretionary duties. [42 U.S.C. 1857h–2].

California has submitted a proposed plan, which has been accepted in part by the Administrator. This plan relates both to stationary sources ("any building, structure, facility or installation which emits or may emit any air pollutant" [1]) and mobile sources, which though as yet are not defined, are clearly intended to relate to motor vehicles, aircraft and the like.

In Natural Resources Defense Council v. Environmental Protection Agency, 154 U.S.App.D.C. 384, 475 F.2d 968 (1973), came the first suggestion that a third source should be regulated, namely, a "complex source", by which is meant a facility that has or leads to secondary or adjunctive activity which emits or may emit a pollutant. New regulations promulgated with respect to complex sources specifically list shopping centers as one kind of "indirect source." 38 Fed.Reg. 29895. Although it had previously been held in Riverside v. Ruckelshaus, 4 E.R.C. 1728 (C.D.Cal. 1972) that the original implementation plan for California should have been completed by July 31, 1972, the court in *Natural Resources Defense Council, supra,* set up a new time table ordering the Administrator to review the maintenance provisions of all state plans in the light of its decision. Where a state's plan was disapproved, the state would have until April 15, 1973, to submit a new plan [this date was changed to August 15, 1973, at a later time. *See* 38 Fed.Reg. 12920 (1973)]. If a state failed to submit a plan by the deadline, as has occurred here, the Administrator was to publish a plan for the state within four months after the deadline date (December 15, 1973). Accordingly, the Administrator has until December 15, 1973, to promulgate the new portions of the implementation plan for California.

Since the plaintiffs' only remedy under the Act is against persons who are in violation of regulations promulgated under the Act and since no regulations have been promulgated with respect to shopping centers, it follows that no cause of action is stated against the corporate defendants.

Plaintiffs argue, however, that the shopping center should come under the stationary source regulations, because even though referred to as a "complex source", it is in fact only one kind of a stationary source. However, the discussion of complex sources in the regulations, in addition to defining that term, clearly distinguishes between stationary sources and complex sources [38 Fed.Reg. 6279–80] and plaintiffs' argument in this respect is without merit.

Plaintiffs also argue that even in the absence of regulations controlling complex sources, the Act clearly precludes the construction of any project which would interfere with, or prevent attainment and maintenance of, national primary and secondary air quality stand-

---

1. Title 42 U.S.C. § 1857c–6(a)(3) specifically so defines the term "stationary sources".

ards. [42 U.S.C. §§ 1857c–5 and 1857c–6].

This court does not so read these statutes. Contrary to plaintiffs' contentions, these sections of the Act do not clearly preclude construction of projects which might interfere with the attainment and maintenance of air quality standards, rather they provide merely for the promulgation of implementation plans and the setting of standards of performance for stationary sources.

Defendants Ronald Reagan, Governor of the State of California, and John Maga, Executive Officer of the State Air Resources Board, have been sued as officers of the State of California. The complaint seeks to compel California to comply with § 110 of the Clean Air Act [42 U.S.C. § 1857c–5], which requires each state to adopt and submit to the Administrator "a plan which provides for implementation, maintenance and enforcement" of the national primary ambient air quality adopted by the Administrator. In this effort the plaintiffs must fail for two reasons. In the first place, there is no judicial remedy provided in the Act or elsewhere for the failure of the state to adopt and submit a plan. The only consequence of a state's failure to submit a plan is that the Administrator, then, has the duty to impose a plan upon the state, and no other remedy against the state exists. Secondly, the plaintiffs, as private citizens, are given no authority under the Act to bring such an action. The motion to dismiss on behalf of these defendants, therefore, should be granted.

As to the defendant, Russell Train, as Administrator of the Environmental Protection Agency, it is apparent from what has been said above that this action is premature.

It appears to this court that not only does the complaint fail to state facts upon which relief can be granted, but that there are no facts which can be alleged within the perimeters of the complaint which would afford the plaintiffs a basis for recovery. This action is, therefore, dismissed as to all parties.